UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARY YOUNG<br>&<br>QUEEN YOUNG<br><br>      Plaintiffs<br>vs.<br><br>SIMON, EICHLER & ASSOCIATES, LLC<br>      Defendant | Case Number:<br><br>CIVIL COMPLAINT<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiffs, Gary Young and Queen Young, by and through their undersigned counsel, Bruce K. Warren, Esquire of Warren Law Group, P.C., complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiffs, Gary Young and Queen Young, are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the TCPA and Invasion of Privacy by Intrusion upon Seclusion.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.     Venue in this District is proper in that Defendant maintains an office located in this District.

### III. PARTIES

4.     Plaintiff, Gary Young, (hereafter, Plaintiff, Gary) is an adult natural person residing in Valparaiso, IN. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.     Plaintiff, Queen Young (hereafter, Queen) are adult natural person residing in Chicago, IL. At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

6.     Defendant, Simon, Eichler & Associates, LLC (hereafter, Defendant), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the States of Illinois and New York with a primary address located at 733 Delaware Road, Suite 255, Tonawanda, NY 14223.

7.     Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant also attempts to collect consumer debts owed by another. Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

8.     On or about May 31, 2013 Gary started to receive calls to his personal cell phone from the Defendant looking for his sister.

9.     Although his sister is a relative of the Plaintiffs, she does not reside with them in Indiana or Illinois.

10. Gary has not had contact with his sister in over three (3) years nor does he know her whereabouts.

11. Plaintiffs are not responsible for the above referenced consumer debt and have no business relationship with the defendant.

12. Gary's wife started to receive calls shortly after to her personal cell phone.

13. All Plaintiffs have informed the Defendant numerous times that this relative is not at the numbers they have called and they need to contact her directly.

14. The Defendant's agent refuses to stop calling stating to Gary that they know he knows where his sister is and they have the right to continue to call.

15. Despite knowing they are contacting family members Defendant continues to make harassing calls and invade the privacy of all Plaintiffs.

16. Several of Defendant's daily calls are automated.

17. The Defendant has also threatened to call every day until Gary told them the whereabouts of his sister.

18. On or about June 6, 2013 Gary was so frustrated with the continuing harassing calls that he called the Attorney General's Office to file a complaint against the Defendant.

19. The Attorney General's Office stated they needed the address in order to file the claim. Gary called the Defendant to get an address, but was denied his request and hung up on repeatedly.

20. After numerous times Gary finally was able to get a hold of the Defendant's agent and spoke with "Timothy Kolar".

21. Gary asked for the address of the Defendant's office so he could file a claim. He explained to "Timothy Kolar" he had been receiving harassing calls for over two (2) weeks and wanted them to stop.

22. "Timothy Kolar" stated they were within their rights to call until they got the information they were looking for. The Defendant's agents believed the Plaintiffs were hiding her whereabouts.

23. Gary became upset and told "Timothy Kolar" to stop calling him and his wife.

24. "Timothy Kolar" declined to stop calling and accused Gary of harassing him now.

25. "Timothy Kolar" stated he would continue to call until Gary gave him the information he was looking for. Gary was so upset he ended the call.

26. To date Gary still has not been able to obtain the address from the Defendant.

27. On or June 12, 2013 Queen received a call from the Defendant looking for information on her daughter.

28. Queen told the Defendant's agent that her daughter didn't live there abd she didn't know her whereabouts.

29. The Defendant's agent became annoyed and told Queen "Well the apple doesn't fall far from the tree."

30. Queen was so upset by the comment; she told the Defendant's agent to never call her again and then ended the call.

31. As of the filing of this complaint, Defendant's calls continue to all Plaintiffs on a daily basis.

32. The Defendant is not licensed to practice law in Indiana.

33. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendant's unlawful conduct.

34. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

35. The Defendant and their agent's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable.

36. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a consumer debt.

37. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

38. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

39. At all times pertinent hereto, the conduct of Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

40. As a result of Defendant's, conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs reputation, invasion of privacy, damage to

Plaintiffs credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I – FDCPA

41. The above paragraphs are hereby incorporated herein by reference.

42. At all times relevant hereto, Defendant was attempting to collect an alleged consumer debt which was incurred by Plaintiffs for personal, family or household purposes and is a "consumer debt" as defined by 15 U.S.C. § 1692a(5).

43. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1): | At any unusual time, unusual place, or unusual time and place |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692e(12): | Debt has been turned over to innocent purchasers for value |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendant, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

### COUNT II – TCPA

44. The above paragraphs are hereby incorporated herein by reference.

45. At all times relevant hereto, Defendant unlawfully, intentionally and fraudulently violated the TCPA, 47 U.S.C. §227 et. seq. and 47 C.F.R. 64.1200 et. seq.

46. The foregoing acts and omissions constitute violations of the TCPA, including but not limited to:

    a. The Defendant used an automatic telephone dialing system that had capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with the Plaintiff.

    b. The Defendant initiated telephone calls to Plaintiff's telephone using artificial and prerecorded voice to deliver a message without the prior consent of the Plaintiff.

   c.  The Defendant initiated communication to the Plaintiff using an automatic dialer that was not in compliance with the technical and procedural standards set forth by the TCPA.

**WHEREFORE**, Plaintiffs respectfully request that this court enter judgment in his favor and against Defendant, and Order the following relief:

  a.  Actual damages;

  b.  Statutory damages;

  c.  Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  d.  Treble damages.

## COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

47. The above paragraphs are hereby incorporated herein by reference.

48. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

49. New Jersey recognizes Plaintiffs right to be free from invasions of privacy, thus Defendant violated NJ state law.

50. Defendant intentionally intruded upon Plaintiffs rights to privacy to be continually harassing Plaintiffs with frequent telephone calls, abusing Plaintiffs.

51. The telephone calls made by Defendant to Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiffs," and "a substantial

burden to his existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

52. The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

53. As a result of the intrusions and invasions, Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant.

54. Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiffs and as such Defendant is subject to punitive damages.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.R.C. § 1345.09(A);

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

d. Three times the amount of Plaintiffs actual damages or two hundred dollars, whichever is greater, pursuant to O.R.C. § 1345.09(B);

e. Actual damages from Defendant for all the damage including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiffs;

f. Punitive damages; and

g.  Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

Respectfully submitted,

**WARREN LAW GROUP, P.C.**

Date: July 24, 2013               BY: /s/ Bruce K. Warren
                                  Bruce K. Warren, Esquire

                                  Warren Law Group, PC
                                  58 Euclid Street
                                  Woodbury, NJ 08096
                                  P: (856)848-4572
                                  F: (856)324-9081
                                  Attorney for Plaintiffs